United States District Court
Southern District of Texas
**ENTERED**
July 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARLON ALVARADO-QUINONES, | § | |
| Movant, | § | |
| | § | |
| v. | § | Case No. 1:16cv00121 |
| | § | (Criminal No. 1:12-cr-01001-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Marlon Alvarado-Quinones's pro se "Motion Under 28 U.S.C. § 2255" (hereinafter, Alvarado-Quinones's "Motion" or "§ 2255 Motion"). Dkt. No. 1. For the reasons provided below, Alvarado-Quinones's § 2255 Motion lacks merit. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Alvarado-Quinones's § 2255 Motion be summarily dismissed with prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

### I. Jurisdiction

This Court has jurisdiction over Alvarado-Quinones's § 2255 Motion pursuant to 28 U.S.C. § 1331 and § 2255.

## II.  Background and Procedural History

On November 16, 2012, Alvarado-Quinones, a.k.a. "Armando Gutierrez-Quinones," pleaded guilty to being an alien unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).  *See United States of America v. Armando Gutierrez-Quinones*, No. 1:12cr01001-1, Dkt. No. 27 at 1.[1]  On January 30, 2013, Senior United States District Judge Hilda Tagle sentenced Alvarado-Quinones to 72 months of imprisonment, and a three-year term of supervised release, without supervision.  *Id.* at 2-3.  Judgment was entered on February 05, 2013.  *Id.* at 1.  Alvarado-Quinones appealed, but on October 25, 2013, the Court of Appeals for the Fifth Circuit dismissed his appeal "as frivolous."  CR Dkt. No. 40 at 1.  Alvarado-Quinones did not file a petition for writ of certiorari in the United States Supreme Court.  Dkt. No. 1 at 2.

On June 2, 2016, Alvarado-Quinones filed his instant § 2255 Motion.  Dkt. No. 1.[2]  In his § 2255 Motion, Alvarado-Quinones claims that he is entitled to relief pursuant to the ruling announced in *Johnson v. United States*, ____ U.S. _____, 135 S.

---

[1]  Hereinafter, Alvarado-Quinones's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.  Alvarado-Quinones identifies himself as "Marlon Alvarado-Quinones" in his § 2255 Motion.  Dkt. No. 1 at 1.  However, he was identified as "Armando Gutierrez-Quinones" in his underlying criminal case.  CR Dkt. No. 1 at 1.  The criminal record shows that he uses several aliases including "Marlon Alvarado-Quinones".  CR Dkt. No. 17 at 2.

[2]  Alvarado-Quinones indicates that he placed his § 2255 Motion in the prison mailing system on June 2, 2016.  Dkt. No. 1 at 12.  Accordingly, the Court will consider his Motion filed on that date.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

Ct. 2551 (2015). Dkt. No. 1 at 4, 10-11. Alvarado-Quinones does not raise any additional grounds for relief. *See generally* Dkt. No. 1.

### III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### IV. Discussion

Alvarado-Quinones claims that he is entitled to § 2255 relief pursuant to the new rule announced in *Johnson v. United States*, ___ U.S. ____, 135 S. Ct. 2551 (2015). Dkt. No. 1 at 4, 10-12. In *Johnson*, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), to Samuel James Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. The ACCA requires federal courts to impose a minimum 15-year term of imprisonment upon repeat

offenders who are convicted of unlawfully possessing a firearm under 18 U.S.C. § 992(g). 18 U.S.C. § 924(e). In relevant part, the ACCA provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1).

The ACCA provides six definitions for the term "violent felony." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A violent felony is any crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against another person;" (2) constitutes burglary; (3) constitutes arson; (4) constitutes extortion; (5) involves the use of explosives; or (6) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* "Courts have coined the first definition the 'force clause'; and the sixth definition, the 'residual clause.'" *United States v. Curry*, No. CR 10-111, 2015 WL 8478192, at *1 (E.D. La. Dec. 10, 2015) (citing *United States v. Davis*, 487 F.3d 282, 285 (5th Cir. 2007)).

The Supreme Court in *Johnson* held that imposing an increased sentence under the residual clause of the ACCA is a violation of due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557 ("[T]he residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). The Supreme Court did not reach the issue of whether its ruling would apply retroactively. *Id.* at 2551; *see also Santiago Valdez v. United States*, No. 4:11-CR-065-A, 2015 WL 9593627, at *1 (N.D. Tex. Dec. 31, 2015) (recognizing that the Supreme Court in

*Johnson* did not address retroactivity). However, on April 18, 2016, in *Welch v. United States*, the Supreme Court held that the rule in *Johnson* is retroactively applicable. *Welch v. United States*, ___ U.S. ___ 136 S. Ct. 1257, 1268 (2016).

Unfortunately for Alvarado-Quinones, *Welch* and *Johnson* do not apply to his case. As noted above, the Supreme Court in *Johnson* reviewed the lower court's application of § 924(e) to Johnson's sentence. *Johnson*, 135 S. Ct. 2551, 2555. In Alvarado-Quinones's case, the Court did not sentence him pursuant to § 924(e). In fact, in sentencing him for violating 8 U.S.C. §§ 1326(a) and 1326(b), the Court did not apply any enhancement for the use or possession of a firearm. *See* CR Dkt. No. 17 (Final Presentence Investigation Report); CR Dkt. No. 28 at 1 (Statement of Reasons, adopting the Final Presentence Investigation Report "without change"); CR Dkt. No. 27 (Judgment). Thus, regardless of its retroactive application, the rule in *Johnson* does not provide Alvarado-Quinones with a right to § 2255 relief.

Relatedly, even the rationale supporting the rule in *Johnson* does not apply to provide Alvarado-Quinones with relief. In *Gonzalez-Longoria,* the Fifth Circuit held that the "crime of violence" definition in 18 U.S.C. § 16 is unconstitutionally vague under the rationale of *Johnson*. *United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016), *reh'g en banc ordered*, 815 F.3d 189 ("Under *Johnson,* this means that § 16 is unconstitutionally vague, and we so hold."). The Fifth Circuit also explained how the lower court had applied 18 U.S.C. § 16 to Gonzalez-Longoria's sentence. *Id.* at 227.

> During sentencing, the court determined that Gonzalez–Longoria had previously committed an "aggravated felony" under USSG § 2L1.2(b)(1)(C) and applied an eight-level sentencing enhancement.

> "'[A]ggravated felony' has the meaning given that term in 8 U.S.C. [§] 1101(a)(43)." Section 1101(a)(43), in turn, defines an "aggravated felony" as any of a list of offenses, including "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." Section 16 defines "crime of violence" as
>
>> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> The government does not contend that Gonzalez–Longoria's 2008 conviction qualified under § 16(a). Thus, Gonzalez–Longoria's past offense qualifies as an "aggravated felony" only if it qualifies as a § 16(b) "crime of violence," as the district court found.

*Id.* (footnote omitted).

Here, unlike the district court in *Gonzalez-Longoria*, the District Court in Alvarado-Quinones's case did not apply 18 U.S.C. § 16(b), either directly or through incorporation. *See* CR Dkt. No. 17 at 4-5; CR Dkt. No. 27; CR Dkt. No. 28 at 1. Alvarado-Quinones's Final Presentence Investigation Report ("PSR") gave him a "total offense level of 21 and a criminal history category of V," and stated that the advisory guideline "range for imprisonment" was 70 to 87 months. CR Dkt. No. 17 at 12. In calculating Alvarado-Quinones's base offense level and special offense characteristics, the Court applied U.S.S.G. § 2L1.2(a) and § 2L1.2(b)(1)(A)(ii). *See* CR Dkt. No. 17 at 4-5, 12; CR Dkt. No. 28 at 1; CR Dkt. No. 27. Section 2L1.2(a) does not have a residual clause resembling the clause in the ACCA. *Compare* U.S.S.G. § 2L1.2(a), *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "otherwise involves

conduct that presents a serious potential risk of physical injury to another[.]"). Likewise, § 2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA. *Compare* U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii) (defining a "crime of violence"), *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]").

Finally, even if § 2L1.2(b)(1)(A)(ii) had a residual clause resembling the clause in the ACCA, the rationale in *Johnson* would not give Alvarado-Quinones a basis to formulate a claim. As his records reveal, in calculating the special offense characteristics of Alvarado-Quinones's sentence, the Court assessed 16 points for his previous conviction for robbery, a crime of violence. *See* CR Dkt. No. 17 at 4-5; CR Dkt. No. 28 at 1; CR Dkt. No. 27. Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a prior conviction is defined as a crime of violence if it qualifies as an offense specifically listed in U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii). Robbery is included as a listed offense. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii). Thus, because Alvarado-Quinones's prior conviction qualifies as a crime of violence pursuant to the list of enumerated offenses contained in U.S.S.G. § 2L1.2(b)(1)(A)(ii), Application Note (1)(B)(iii), he cannot correctly argue that his sentence was enhanced pursuant to an unconstitutionally vague residual clause.

Alvarado-Quinones's § 2255 Motion lacks merit and should be summarily dismissed with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Alvarado-Quinones has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Alvarado-Quinones's § 2255

Motion be summarily dismissed with prejudice for lack of merit. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

Signed on this 7th day of July, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge